**Victor HIDALGO–JARQUIN, a.k.a. Victor Manuel Hidalgo–Jaquin, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 09–72043.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 27, 2011.*

Filed Oct. 6, 2011.

David Neumeister, Judith Seeds Miller, Law Office of David Neumeister, Bakersfield, CA, for Petitioner.

* The panel unanimously concludes this case is    suitable for decision without oral argument.

Terri Leon–Benner, Esquire, Trial, OIL, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

MEMORANDUM **

Victor Hidalgo–Jarquin, a native and citizen of Nicaragua, petitions pro se for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion for a continuance, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir.2009), and review de novo constitutional claims, *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir.2009). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Hidalgo–Jarquin's request for a continuance, where Hidalgo–Jarquin had already received multiple continuances and the delay caused inconvenience to the agency. *See Ahmed*, 569 F.3d at 1013–14; *cf. Cui v. Mukasey*, 538 F.3d 1289, 1293–95 (9th Cir.2008).

Hidalgo–Jarquin's equal protection argument regarding waivers under 8 U.S.C. § 1182(h) is unavailing. *See Taniguchi v. Schultz*, 303 F.3d 950, 958 (9th Cir.2002) (holding that a rational basis exists for excluding permanent residents, as "aggra-

vated felon LPRs could be viewed as less deserving of a 'second chance' than non-LPRs") (citation omitted).

In his opening brief, Hidalgo–Jarquin fails to address, and therefore has waived any challenge to, the agency's determination that his conviction for possession of a controlled substance for sale under California Health & Safety Code § 11378 constitutes a drug trafficking aggravated felony under 8 U.S.C. § 1101(a)(43)(B), rendering him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). *See Kumar v. Gonzales*, 444 F.3d 1043, 1055 (9th Cir.2006) ("[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.") (citation omitted).

Hidalgo–Jarquin's contention that application of the grounds of removability to him is a violation of substantive due process, in light of the equities present in his case, is unavailing. *See Padilla–Padilla v. Gonzales*, 463 F.3d 972, 978–79 (9th Cir. 2006) ("[O]ur cases have long recognized the power to expel or exclude aliens as a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.") (citation and quotations omitted). Hidalgo–Jarquin's contention that application of the grounds of removability to him violates international law is likewise unavailing. *See id.* at 979–99.

We lack jurisdiction to consider the remaining contentions raised by Hidalgo–Jarquin in his opening brief, as they were not presented to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

The government's "motion to strike new evidence submitted with petitioner's open-

---

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing brief" is granted. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.